IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DOUGLAS VILLEGAS, | : | |
| | : | CIVIL ACTION NOS. |
| Movant, | : | 1:25-CV-4889-LMM |
| | : | 1:26-CV-0250-LMM |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| | : | 1:18-CR-0507-LMM |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**ORDER**

This matter comes before the Court for consideration of the Final Report and Recommendation (R&R), Dkt. No. [264], in which Magistrate Judge Elizabeth McBath recommends that Movant Douglas Villegas's amended 28 U.S.C. § 2255 motion to vacate his conviction and/or sentence, Dkt. No. [257], be denied as untimely.[1] Movant has filed his objections to the R&R, Dkt. No. [266]. In addition, Movant has filed a to modify his sentence to run concurrently with his state court sentence. Dkt. No. [267].

---

[1] Also pending is Judge McBath's R&R for dismissal without prejudice of Movant's non-compliant motions to vacate. Dkt. No. [254]. Movant did not object to this R&R.

## I. Procedural Background

On March 23, 1999, the Hall County Superior Court sentenced Movant to life imprisonment for aggravated assault and murder. Dkt. No. [212] at 2; Dkt. No. [262] at 1. While serving that sentence, Movant engaged in a drug distribution conspiracy between October 12, 2017, and March 14, 2018. Dkt. No. [93] at 1–2; Dkt. No. [262] at 1.

On April 29, 2022, Movant pleaded guilty to conspiracy to possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846. Dkt. Nos. [93, 193]. On December 14, 2022, this Court filed the Judgment and Commitment, sentencing Movant to 161 months of imprisonment, to run consecutively to his Hall County life sentence, followed by five years of supervised release. Dkt. No. [212]. On April 2, 2024, the Eleventh Circuit affirmed Movant's sentence. Dkt. No. [247].

On August 6, 2025, Movant signed a construed § 2255 motion, to which the Clerk assigned civil action number 1:25-CV-4889-LMM-JEM. Dkt. No. [250] at 2. On September 4, 2025, the Magistrate Judge ordered Movant to submit a proper § 2255 motion within 30 days. Dkt. No. [ 251]. On October 7, 2025, the Court received Movant's amended § 2255 motion, but he failed to complete most of the form and failed to execute it under penalty of perjury. Dkt. No. [252]. On October 27, 2025, the Magistrate Judge ordered Movant to submit a properly completed § 2255 motion executed under penalty of perjury within 30 days. Dkt. No. [253]. Movant neither complied nor otherwise addressed his failure to

comply. On December 18, 2025, the Magistrate Judge recommended that civil action number 1:25-CV-4889-LMM-JEM be dismissed without prejudice. Dkt. No. [254].

On January 15, 2026, the Clerk received another § 2255 motion from Movant and assigned it to civil action number 1:26-CV-250-LMM. Dkt. No. [257] at 1. Again, Movant failed to complete most of the form and failed to execute it under penalty of perjury. On January 26, 2026, the Magistrate Judge ordered Movant to submit a properly completed § 2255 motion executed under penalty of perjury within 30 days. Dkt. No. [258]. On February 16, 2026, Movant mailed his amended § 2255 motion. Dkt. No. [259] at 11. Movant claims that (1) his "right to due process was violated when the Government breached the plea agreement" by recommending a consecutive sentence, (2) his sentence violates 18 U.S.C. § 3553(a) because "the District Court did not consider the need to avoid unwarranted sentencing disparities," and (3) he received ineffective assistance of counsel in connection with the first two claims. Id. at 3–9.

The Magistrate Judge found that Movant's conviction became final on July 1, 2024, 90 days after the Eleventh Circuit affirmed Movant's sentence. Dkt. No. [264] at 3. Thus, he had until July 1, 2025 to file a motion to vacate pursuant to 28 U.S.C. § 2255(f)(1). Movant's initial post-judgment filing in this Court, Dkt. No. [250], was signed on August 6, 2025—more than a month after the one-year time period for filing a motion to vacate had expired. The Magistrate Judge rejected Movant's contention that subsection (f)(2) applied because the State of

Georgia prevented him from filing a motion to vacate.[2] Dkt. No. [264] at 4–5. The Magistrate Judge further found that Movant did not satisfy either the equitable tolling or actual innocence exceptions to the statute of limitations. Id. at 5–6. Thus, the R&R recommended dismissal of the motion to vacate. Id. at 6.

## II. Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate [judge]'s report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III. Discussion

In his objections, Movant continues to argue that "numerous government-erected obstacles that prevented Movant from timely preparing and filing his Motion." Dkt. No. [266] at 1. Specifically, he points to the denial of access to a law library and federal legal materials as well as the confiscation of his legal papers by

[2] 28 U.S.C. § 2255 f)(2) provides: "The [one-year] limitation period shall run from the latest of-- . . . (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action."

prison authorities—the same alleged impediments he raised in reply to the Government's response in opposition to his motion to vacate. Id. at 2–3. While Movant contends that the Magistrate Judge ignored these allegations, he is incorrect. The R&R addressed whether Movant had shown that an unconstitutional impediment prevented him from filing his motion. Dkt. No. [264] at 4–5. Importantly, the Magistrate Judge concluded that despite the continued lack of access to a law library and his legal materials, Movant was able to make a filing that challenged his sentence on August 6, 2025. Id. Therefore, the record reflects that lack of access to a law library and his legal materials did not prevent Movant's ability to file. Therefore, the Magistrate Judge correctly determined that § 2255(f)(2) is inapplicable.

Next, Movant argues that equitable tolling should apply because he exercised reasonable diligence throughout these proceedings. Dkt. No. [266] at 4. He contends that "[h]is filings demonstrate persistence—not neglect." Id. What Movant ignores, however, is that his filings occurred outside the limitations period. Thus, the filings he refers to show nothing of his efforts to file a motion during the one-year limitations period.

Movant also points to his transfer to a different institution "after these proceedings began." Id. at 5. He says this transfer resulted in delay of his receipt of mail from the Court. Id. A review of the docket does indicate that the initial R&R was returned undeliverable on January 12, 2026. Dkt. No. [256]. Again, however, the institutional transfer and resulting mail delay occurred months after

the statute of limitation expired. Therefore, there is nothing about the transfer that would entitle Movant to equitable tolling.

Next, Movant objects to the Magistrate Judge's failure to reach the merits of his motion to vacate. Dkt. No. [266] at 6. As explained above, however, the Magistrate Judge was correct in determining that the amended motion to vacate is time-barred. Moreover, the Government, in response to the motion to vacate, raised the time bar as a defense. Dkt. No. [262] at 6–7. In the absence of equitable tolling, this Court does not have the discretion to simply overlook Movant's late filing. Therefore, the merits of the § 2255 motion to vacate are not properly before this Court.

Movant's final objection is that he has, at all times, acted in good faith and thus should not be barred from receiving review of his claims on the merits. Id. at 7. Because Movant has not established that he timely filed his motion to vacate or that he is entitled to equitable tolling, he cannot avoid operation of the statute of limitation. See Jones v. United States, 304 F.3d 1035, 1038–39 (11th Cir. 2002) (strictly enforcing the limitations period for filing a § 2255 motion to vacate unless the "extraordinary remedy" of equitable tolling applies). Therefore, the Magistrate Judge's recommendation of dismissal was correct.

## IV. Conclusion

For the foregoing reasons, the R&R recommending dismissal without prejudice of Movant's non-compliant motions to vacate, Dkt. Nos. [254] is

**ADOPTED** as the order of the Court. Movant's non-complaint motions to vacate, Dkt. Nos. [250, 257] are **DENIED WITHOUT PREJUDICE**.

Movant's objections to the dismissal of his amended 28 U.S.C. § 2255 motion to vacate, Dkt. No. [266], are **OVERRULED,** and the R&R, Dkt. No. [264], is **ADOPTED** as the order of the Court. Movant's amended 28 U.S.C. § 2255 motion to vacate, Dkt. No. [259], is **DENIED** as untimely.

The Court further agrees Movant has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to close Civil Action Numbers 1:25-CV-4889-LMM and 1:26-CV-250-LMM.

**IT IS SO ORDERED** this 19th day of October, 2026.

**Leigh Martin May**
**Chief United States District Judge**